F I L E D
CLERK OF COURT

2025 JUN 20 PM 4: 34

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

STERLING ALIKA CRISOSTOMO,
*aka* Sterling
DOB: 08/23/1976

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0556-24**
GPD Report No. 24-18070/24-18037

**DECISION & ORDER
RE. DEFENDANT'S MOTION FOR A
SECOND FORENSIC EVALUATION
AND FOR A SEPARATE
PSYCHIATRIC EVALUATION**

This matter came before the Honorable Alberto E. Tolentino on March 25, 2025, for a Motion Hearing. Defendant Sterling Alika Crisostomo ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation.

## BACKGROUND

On August 13, 2024, Defendant Crisostomo was charged via Indictment for the following offenses: (1) BURGLARY (As a 2nd Degree Felony); (2) POSSESSION OF A SCHEDULE II

CONTROLLED SUBSTANCE (As a 3rd Degree Felony); (3) CRIMINAL TRESPASS (As a Misdemeanor); and (4) ATTEMPTED THEFT OF PROPERTY (As a Misdemeanor). *See* Indictment (Aug. 13, 2024). The Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect ("NGRI") at arraignment on August 22, 2024. *See* Arraignment Hr'g Mins. at 2:48:13PM (Aug. 22, 2024). The court subsequently ordered a Forensic Evaluation the following day. *See* Order (Aug. 23, 2024).[1]

**A. Defendant Crisostomo's Forensic Evaluation**

On September 13, 2024, Dr. Juan Rapadas filed his Forensic Evaluation of Defendant Crisostomo answering three forensic questions:

1) An opinion as to the defendant's competency to be proceeded against, together with the reasons and basis for the opinion.
2) An opinion as to the defendant's competency to be sentenced, together with the reasons and basis for the opinion.
3) An opinion as to whether or not the defendant was suffering from any mental illness, disease or defect at the time of the conduct alleged to have constituted the offense charged against the defendant and whether, as result thereof, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful or to control his actions; or to the extent to which, as a consequence of mental illness, disease, or defect, the defendant did or did not have a state of mind relevant to any issue any issue in the trial of action.

Forensic Evaluation (Sept. 13, 2024). As to the first and second questions, Dr. Rapadas found that "Mr. Crisostomo is currently competent to be proceeded against and to be sentenced based on the test results, the clinical interview, observations of Mr. Crisostomo, history, and current mental status." *Id.* at 7. As to the third question, Dr. Rapadas found that the Defendant "did not lack substantial capacity to know or understand what he was doing, that his conduct was wrongful and to control his actions especially as it pertains to the above charges." *Id.* at 8.

---

[1] At this time, the Honorable Alberto E. Tolentino had no jurisdiction pending the resolution of the People's Statement of Objection. So, the Honorable Jonathan R. Quan issued the Order for Forensic Evaluation.

## B. Defendant Crisostomo's Competency Hearing

The court held a Competency Hearing on October 3, 2024, where the parties questioned Dr. Rapadas about his findings contained in the Defendant's Forensic Evaluation. In accordance with his Forensic Evaluation, he testified that the Defendant was competent to be proceeded against and sentenced, and not lacking substantial capacity to know or understand what he was doing. *See* Comp. Hr'g Mins at 10:15:15 – 16:37AM (Oct. 3, 2024). Although the parties did not dispute Dr. Rapadas's finding of competency, the Defendant believed that a second forensic evaluation with another licensed clinician was necessary due to: (1) the discrepancy in Dr. Rapadas's findings of a lack of substantial capacity in his other cases; and (2) Dr. Rapadas's understanding that Burglary (As a 2nd Degree Felony) was still dismissed at the time he evaluated the Defendant. *Id.* at 10:44:00 – 45:31AM.

Following the Competency Hearing, the Defendant filed a Motion for Leave of Court to Request for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation. *See* Mot. Leave (Oct. 14, 2024). Without opposition or objection from the People, the court took the matter under advisement and subsequently issued its Decision and Order granting the Defendant leave of court to file his motion for a second forensic evaluation and separate psychiatric evaluation. *See* Decision & Oder (Feb. 17, 2025).

## C. Defendant Crisostomo's Motion Hearing

On February 28, 2025, the Defendant filed his Motion for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation ("Motion"). In the following month, the court heard the Defendant's argument on the Motion and the People's non-objection to it. *See generally* Mot. Hr'g Mins. (Mar. 25, 2025). Because of Dr. Rapadas's previous findings on the Defendant's lack of substantial capacity in prior cases and the issue of Burglary (As a 2nd Degree Felony) being

recharged after its initial dismissal, the Defendant again argued that Dr. Rapadas would not have been able to conduct a proper forensic evaluation in this case. *Id.* at 10:09:34 – 13:45AM. At the end of the hearing, the court then took the Defendant's Motion under advisement.

## DISCUSSION

The Defendant reminded this court of his "constitutional right to the assistance of a psychiatrist" supported in the Supreme Court case *Ake v. Oklahoma*, 105 S. Ct. 1087, 1091–92 (1985). Def.'s Mot. at 5. In that case, the Supreme Court of the United States specifically held that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot afford one." *Ake* at 1091–92.

**A. Because Defendant Crisostomo is currently receiving psychiatric medication, a separate psychiatric evaluation is not warranted at this time.**

"Whenever, in the opinion of the court, any other expert evidence concerning the defendant's mental condition is, or will be required by the court or either party, the court shall appoint one or more such experts to examine the defendant and to report upon his mental condition as the court may direct." 9 GCA § 7.25(b).

Based on Dr. Rapadas's testimony at the Competency Hearing, the Defendant believed that "a psychiatric evaluation was necessary to determine whether the Defendant should be placed on a medication regimen" for his dual diagnosis. *Id.* Following this initial request for a separate psychiatric evaluation, the Defendant notified the court that he is now receiving medication and doing well. *See* Mot. Hr'g Mins. at 10:14:30 – 15:09AM. Nonetheless, the Defendant still requested that the court order a separate psychiatric evaluation so that the court can have an official record of what medication the Defendant needs for his dual diagnosis. *Id.* His need for a

medication regimen does not show this court that his sanity at the time of the offenses is likely to be a significant factor at trial.

In consideration of defense counsel's information that the Defendant has been receiving psychiatric medication since February, the court is not inclined to order an evaluation from a separate psychiatrist at this time. Therefore, the court finds that a separate psychiatric evaluation is not warranted at this time.

**B. A second forensic evaluation is not necessary to determine whether Defendant Crisostomo lacked substantial capacity at the time of the offenses.**

"A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental illness, disease or defect, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions." 9 GCA § 7.16. If the Defendant's mental state at the time of the alleged offense is an issue, 9 GCA § 7.25(b) allows the court discretion to appoint a second psychiatrist to resolve that issue. Because both parties agree on Dr. Rapadas's finding of competency in this case, the court will only review whether a second forensic evaluation is necessary to determine whether the Defendant lacked substantial capacity at the time of the alleged burglary as charged in the Indictment.

Defendant Crisostomo indicated that Dr. Rapadas was unaware that the Burglary charge was refiled via Indictment. *See* Def.'s Mot. at 4 (Feb. 28, 2025). Because of this, the Defendant seeks a second forensic evaluation by another qualified psychiatrist to determine whether he lacked substantial capacity for this case with respect to the first charge of Burglary (As a 2nd Degree Felony). *Id.*

When asked if his assessment on the Defendant's lack of substantial capacity would change if he knew that Burglary (As a 2nd Degree Felony) was recharged in the Indictment, Dr.

Rapadas testified that he would have still found that the Defendant did not lack substantial capacity at the time of his conduct. *See* Comp. Hr'g Mins. at 10:29:30 – 31:09AM (Oct. 3, 2024). Because the Defendant had been under the influence of methamphetamine for weeks before the incident, Dr. Rapadas opined that his use of methamphetamine was more of a reason for his conduct at the time rather than his diagnosed mental illnesses. *Id.*

The Defendant also noted that other courts referred his prior cases to Mental Health Court after Dr. Rapadas previously determined that he lacked substantial capacity in them. *See* Def.'s Mot. at 4. Although he found no lack of substantial capacity in *this* case, Dr. Rapadas made the following record on why he lacked substantial capacity in his prior case CF0187-20:

> DR. RAPADAS: So, I'm looking at CF187-20… Okay, that was the one where I found he was lacking substantial capacity. And that was back in March of 2021.
>
> ESPIRITU: In that particular case, why did he lack substantial capacity? Or why was that your finding?
>
> DR. RAPADAS: Right. So, this one seemed to be that his bipolar might have been flaring up on this one. I've got some anger, frustration, paranoia. His description of what was going on appeared to be that he was more under the influence of his mental illness.

Comp. Hr'g Mins. at 10:37:03 – 37:52AM. As mentioned above, Dr. Rapadas found that the Defendant's methamphetamine-use in the weeks leading up to the incident was more of a factor that led to his conduct, not his mental illnesses. *Id.* at 10:29:30 – 31:09AM.

In consideration of Dr. Rapadas's clarification on the disparity in the Defendant's lack of substantial capacity in his other criminal matters and the burglary charge in this case, the court finds that the Defendant has not made a preliminary showing that his sanity at the time of the offenses is likely to be a significant factor at trial. Therefore, the court will not order that another qualified psychiatrist conduct a second forensic evaluation on Defendant Crisostomo.

\\

## CONCLUSION

For the reasons stated above, the court hereby **DENIES** the Defendant's Motion for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation.

A Further Proceedings is scheduled before this court on August 6, 2025, at 10:30AM.

**SO ORDERED** this _____ JUN 2 0 2025 _____.

---

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & PDCC

Date: 6/20/25 Time: 5:31

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam